UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE POE, an individual, | No. 2:25-cv-01118-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| ETHAN G. CONRAD, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Proceed under Pseudonym and Defendant's Motion to Dismiss.  Defendant contends that Plaintiff's Complaint should be dismissed in its entirety because it fails to plausibly state claims upon which relief can be granted.  For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Proceed under Pseudonym and GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff Penelope Poe brings this action against Defendant Ethan G. Conrad, a commercial real-estate developer in Sacramento, California.  (Compl. (ECF No. 1) ¶ 3.) Defendant is the CEO of Ethan Conrad Properties, Inc., which has a commercial real estate portfolio of over 170 retail, office and industrial buildings.  (*Id.*)  Plaintiff and

1

Defendant entered into a romantic relationship where they frequently met at Defendant's residence and other locations. (*Id.* ¶ 8.) Over the course of the relationship, Plaintiff and Defendant engaged in sexual encounters, which Plaintiff believed at the time to be consensual. (*Id.*) However, Plaintiff now contends that beginning around 2019, she had been raped repeatedly by Defendant over the course of their years-long relationship. (*See id.* ¶ 8.) Plaintiff alleges that Defendant would make cocktails for her during their meetings that contained a "date-rape-type substance", thereby undermining her ability to consent to sexual activity. (*Id.* ¶¶ 8–9.) Plaintiff recalls occasions after consuming the cocktails where she experienced disorientation, memory gaps, extreme fatigue, unconsciousness, physical weakness, soreness and feelings of being violated. (*Id.*) Plaintiff "is informed and believes" that Defendant developed expertise over the years in administering date-rape style drugs that were responsible for her symptoms. (*Id.*) When confronted by Plaintiff, Defendant would explain the symptoms as a result of her "getting too drunk." (*Id.* ¶ 9.) Plaintiff contends that on certain occasions she had consumed only modest amounts of alcohol or amounts that she had consumed previously without similar effects. (*Id.*)

At the time of their relationship, Plaintiff was unable to recognize that these encounters were non-consensual. (*Id.*) However, in early 2025, after other individuals came forward with similar complaints against Defendant, she began to suspect "foul play." (*Id.* ¶ 8.) Plaintiff reviewed medical literature online and other individuals' encounters with Defendant. (*Id.*) She also experienced flashbacks and nightmares of her experiences with Defendant. (*Id.* ¶ 9.) Plaintiff now believes that Defendant's knowledge and use of drugs, along with patterns of "manipulative behavior" prevented her from discovering the assaults earlier. (*See id.* ¶¶ 8–9.)

Plaintiff brings ten causes of action against Defendant for assault, battery, sexual battery, negligent infliction of emotional distress, intentional infliction of emotional distress, domestic violence under Civil Code § 1708.6, gender violence

under Civil Code § 52.4(c)(2), the Ralph Act and the Bane Act.  Plaintiff also seeks punitive damages pursuant to Civil Code § 3294.  Plaintiff filed a Motion to Proceed Under Pseudonym (Mot. Pseud. (ECF No. 2)), which Defendant opposes (Pseud. Opp'n (ECF No. 5)).  Additionally, Defendant moves to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted.  (Mot. Dismiss (ECF No.13).)  The matter is fully briefed (Opp'n (ECF No. 15); Reply (ECF No. 16)) and submitted without oral argument pursuant to Local Rule 230(g).

**MOTION TO PROCEED UNDER PSEUDONYM**

**I.      LEGAL STANDARD**

"The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties []"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  That said, parties may "proceed anonymously when special circumstances justify secrecy."  *See Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases).  Parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary. . .to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *See id.* at 1067–68 (quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  Where these special circumstances exist, a court may permit the party to proceed anonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.* at 1068.  Courts are to balance the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest.  *Kamehameha Schools,* 596 F.3d at 1042 (internal quotation marks and citation omitted).

*////*

3

## II.    DISCUSSION

Here, Plaintiff alleges that Defendant drugged her and raped her repeatedly over the course of their relationship, and that she fears public harassment, retaliation and scrutiny given the sensitive nature of these allegations.  Defendant opposes Plaintiff's request to proceed under a pseudonym.  (Pseud. Opp'n (ECF No. 5).)  He contends that he is prejudiced in several ways – including that the merits of Plaintiff's claims are frivolous, that the asymmetry of allowing her anonymity infringes on traditional notions of due process and fair play, and that litigation efforts will become more difficult.

Given the nature of Plaintiff's allegations, which involve years of sexual assault by an alleged prominent local figure, the Court finds that Plaintiff's need for anonymity outweighs the risk of prejudice to Defendant and the public's interest in knowing her identity.  "With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *M.J.R. v. United States,* No. 4:23-cv-05821-YGR, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) (collecting cases); *see also Doe v. Mt. Diablo Unified Sch. Dist.,* No. 3:18-cv-02589-SK, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018) ("[A]llowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes.").  Additionally, the Court finds that Defendant will not be unduly prejudiced because Plaintiff's counsel will disclose Plaintiff's true identity to Defendant and the Court under a protective order.  (Mot. Pseud. at 4.)

*////*

*////*

*////*

*////*

4

**III.    CONCLUSION**

Thus, the Court finds that good cause exists at this stage in the litigation and GRANTS Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 2).[1]

**MOTION TO DISMISS**

**I.    LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

---

[1] Defendant requests that this Court take judicial notice of several documents in considering the Motion to Proceed Under Pseudonym: a complaint filed by Plaintiff's counsel in a state court case, a declaration from the above-mentioned state court case, an additional complaint filed by Plaintiff's counsel in another state court case, and two news articles discussing the civil suits alleging assault against Defendant.  (ECF No. 6.)  Because the Court need not rely on the documents in this instance, the Court DENIES Defendant's request.

## II.    DISCUSSION

Defendant provides specific arguments challenging the first, second, third, fourth, fifth, ninth and tenth causes of action.  The Court addresses the arguments specific to these claims below.  Defendant also generally challenges the plausibility of Plaintiff's allegations that Defendant drugged and raped her as being contradictory, speculative and rooted in the experiences of others.  (Mot. Dismiss at 9–13.)  Plaintiff contends that the allegations sufficiently detail claims of sexual abuse because they involve a pattern of factual assertions supported by contemporaneous symptoms, psychological responses, and later corroboration.  (Opp'n at 8–11.)  The Court rejects Defendant's arguments and finds Plaintiff's allegations plausible at this stage in the litigation.

First, the Complaint does not appear to be contradictory.  Plaintiff is not presenting conflicting facts about her consent – rather, she is stating that any consent to sexual activity that she may have given was invalidated by Defendant allegedly drugging her without her knowledge.  (*See* Compl. ¶ 8, 20; Opp'n at 6.)  Second, while Plaintiff's allegations include her beliefs about what happened to her, they are not wholly speculative.  Plaintiff's contention is that she did not understand the wrongfulness of the harm at the time and now alleges what she believed happened to her.  (Opp'n at 7.)  Plaintiff also alleges experiencing disorientation, memory gaps, extreme fatigue, unconsciousness, physical soreness and feelings of being violated after drinking cocktails made by Defendant.  (Compl. ¶ 8.)  Lastly, Plaintiff does not solely base her claims on the experiences of others.  Instead, Plaintiff claims that seeing what happened to other people triggered memories of her own experiences.  (*See* Opp'n at 8–9.)  To the extent that Defendant objects to the truthfulness of Plaintiff's allegations, the Court must accept all allegations in the Complaint as true at this stage of the proceedings.  The Court finds that Plaintiff has plausibly alleged that Defendant drugged and raped her.  Accordingly, the Court declines to dismiss any of Plaintiff's causes of actions on these grounds.  The Court now turns to the more

specific arguments made by Defendant with respect to various causes of action in the Complaint.

### A. First and Second Causes of Action: Assault and Battery

#### 1. First Cause of Action: Assault

In addition to the catchall argument that Plaintiff has failed to allege that Defendant drugged and raped her, Defendant specifically contends that Plaintiff fails to allege any facts to support a claim for assault because her allegations are largely speculative. (Mot. Dismiss at 14–15.)  Defendant also contends that assault is not the proper tort to be alleging for the theory which Plaintiff expresses. (*Id.*)  Plaintiff does not address all of Defendant's arguments and instead argues that the allegations are not speculative. (Opp'n at 11.)  To plead assault under California law, a plaintiff must establish that

> (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch a plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm.

*So v. Shin,* 212 Cal. App. 4th 652, 668–69 (2013) (citations omitted).  Where consent is fraudulently obtained, it is invalid, and the act consented to may therefore be actionable.  5 Witkin, Summary 11th Torts Ch. IX, § 487 (2025).

Here, Plaintiff alleges that Defendant raped her, which would establish that Defendant touched her in a harmful or offensive manner.  Plaintiff also states that she did not consent to the conduct because she believed that Defendant provided her cocktails with date rape drugs.  But the Complaint fails to allege that Plaintiff reasonably believed that she was about to be touched in a harmful or offensive manner.  Without this allegation, the Court cannot find that there is a plausible cause

of action for assault.  *See Guzman v. Finch,* No. 3:19-cv-00412-MMA-AHG, 2019 WL 3766659, at *3–4 (S.D. Cal. Aug. 9, 2019) (dismissing a claim for assault under California law where plaintiff did not allege facts to show that it reasonably appeared to her that defendant was about to rape her or yank her arm).  Accordingly, Defendant's Motion to Dismiss the cause of action for assault is GRANTED with leave to amend.

### 2.  Second Cause of Action: Battery

Plaintiff also brings a cause of action against Defendant for battery.  Defendant contends that because Plaintiff, at the time she had provided consent and had no basis to believe she was engaging in non-consensual sexual activity, cannot claim that she did not consent.  To state a claim for battery, Plaintiff must allege: (1) the defendant touched the plaintiff, or caused the plaintiff to be touched, with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by the defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching.  *Carlsen v. Koivumaki,* 227 Cal. App. 4th 879, 890 (2014) (citation omitted).

In *Barbara A. v. John G.,* the California Court of Appeal held that the plaintiff, who had consented to sexual intercourse with the defendant after he knowingly and fraudulently represented that he was sterile, could still bring a battery claim against him.  145 Cal. App. 3d 369, 374–75 (1983).  As the court reasoned, although consent generally vitiates the wrong, the fact that the plaintiff alleged that her consent was fraudulently induced rendered her consent invalid.  *Id.* at 375.  Here, the Complaint states that Plaintiff believed she had engaged in consensual sexual activity with Defendant. (Compl. ¶ 8.)  But she also contends that her consent was invalid because she believes that Defendant had been drugging her prior to engaging in sexual activity. (*Id.*)  Because the nature of Plaintiff's consent is contested due to the allegation that she was drugged, the Court finds that there is a plausible claim for

battery.  Thus, Defendant's Motion to Dismiss Plaintiff's cause of action for battery is DENIED.

### A.  Third Cause of Action: Sexual Battery

Defendant also seeks to dismiss Plaintiff's third cause of action for sexual battery.  Defendant argues that Plaintiff's claim is speculative and fails to identify any instance of non-consent.  (Mot. Dismiss at 15–16.)  Plaintiff again contends that the allegations are not speculative.  (Opp'n at 11.)

California Civil Code § 1708.5(a) outlines several ways in which a sexual battery may occur: (1) where a person acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results; (2) acts with intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results; (3) acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

For largely the same reasons discussed above, *supra* II.A.2, Plaintiff has plausibly stated a claim for sexual battery.  Particularly, Plaintiff alleges that Defendant raped her, (Compl. ¶ 8), which is sexually offensive contact to which she did not consent.  *See Sanchez v. CoreCivic, Inc.,* No. 3:24-cv-01199-L-VET, 2025 WL 1160008, at *3–4 (S.D. Cal. Apr. 21, 2025) (denying a motion to dismiss a sexual battery claim where the plaintiff alleged that the defendant "invaded Plaintiff's body/person by touching her private areas without Plaintiff's consent.").  Thus, Defendant's Motion to Dismiss Plaintiff's cause of action for sexual battery is DENIED.

### B.  Fourth and Fifth Causes of Action: Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress

Defendant also seeks to dismiss the fourth and fifth causes of action for negligent and intentional infliction of emotional distress, respectively.  Defendant contends that the intentional infliction claim fails because Plaintiff has failed to allege a

causal connection between Defendant and her alleged emotional distress.  (Mot. Dismiss 16–17.)  Plaintiff argues that her allegations of enduring psychological trauma, emotional instability and allegations that Defendant acted with malice, fraud or oppression are sufficient to state a claim for intentional infliction of emotional distress. (Opp'n at 12.)

### 1.  Fifth Cause of Action: Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must plead (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Hailey v. Cal. Physicians' Serv.,* 158 Cal. App. 4th 452, 473–74 (2007) (citing *Cervantez v. J.C. Penney Co.,* 24 Cal.3d 579, 593 (1979), *overturned on other grounds by legislative action,* Cal. Penal Code § 243).  Outrageous conduct must be "directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court,* 54 Cal. 3d 868, 903 (1991).

Although not extensive, the Court finds that the Complaint plausibly ties the alleged conduct to the severe emotional distress experienced by Plaintiff.  In particular, the Complaint alleges that "[Defendant's] conduct caused Plaintiff to suffer serious emotional distress due to Defendant's intentional conduct," and that Defendant's "ongoing lies caused Plaintiff to live with a great deal of uncertainty." (Compl. ¶ 41.)  Moreover, Plaintiff has alleged Defendant's extreme and outrageous conduct in describing being drugged and raped and that she experienced "extreme emotional distress" as a result.  Thus, the Court DENIES dismissal of Plaintiff's cause of action for intentional infliction of emotional distress.

### 2.  Fourth Cause of Action: Negligent Infliction of Emotional Distress

As for negligent infliction of emotional distress, Defendant contends that Plaintiff's claims are not rooted in Defendant's negligent acts.  (Mot. Dismiss at 17.)

Plaintiff does not directly respond to Defendant's arguments.  The Court finds that the Complaint involves allegations pertaining to alleged intentional behavior by Defendant rather than any negligent behavior.  *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.,* 48 Cal. 3d 583, 588 (1989) (explaining that a plaintiff must fulfill the requirements of an ordinary negligence claim to state a claim for NIED).  Thus, Defendant's Motion to Dismiss the negligent infliction of emotional distress cause of action is GRANTED with leave to amend.

### C.  Ninth Cause of Action: Bane Act

Defendant also contends that Plaintiff failed to assert a claim under the Bane Act because she does not state that a constitutional violation occurred and instead alleges an intentional, personal tort.  (MTD at 16; Reply at 13–14.)  Plaintiff does not directly respond to Defendant's argument about the Bane Act.

The Tom Bane Civil Rights Act prohibits "threat[s], intimidation or coercion" designed to prevent a person's exercise or enjoyment of their constitutional or statutory rights.  Cal. Civ. Code § 52.1.  "A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015).  "[T]he statute was intended to address only egregious interferences with constitutional rights, not just any tort[ ] [t]he act of interference with a constitutional right must itself be deliberate or spiteful."  *Shoyoye v. County of Los Angeles,* 203 Cal. App. 4th 947, 959 (2012).  Absent argument from Plaintiff opposing dismissal and based on the limited discussion of which rights were violated, Defendant's Motion to Dismiss the cause of action under the Bane Act is GRANTED with leave to amend.

### D.  Tenth Cause of Action: Punitive Damages

In the Complaint, Plaintiff also includes a tenth claim under California Civil Code § 3294 and seeks punitive damages.  Defendant argues that this claim is

improper as a request for punitive damages is a request for a particular remedy.  (Mot. at 17.)  Plaintiff contends that punitive damages are appropriate.  (Opp'n at 12.)

Under Civil Code § 3294(a), "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."  Here, the Complaint broadly states that "Plaintiff is entitled to punitive damages. . .because Defendant acted with malice, oppression, and/or fraud." (Compl. ¶ 66.)  Because the Court has found that Plaintiff has plausibly stated several causes of action, it is premature at this stage to dismiss the request for punitive damages.  Thus, Defendant's Motion to Dismiss is DENIED as to punitive damages.

## III.    CONCLUSION

For the reasons discussed above the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss (ECF No. 13).  The Court GRANTS the Motion to Dismiss the first, fourth and ninth causes of action with leave to amend.  The Court DENIES the Motion to Dismiss as to Plaintiff's second, third, fifth, sixth, seventh and eighth causes of action and to Plaintiff's request for punitive damages.  Plaintiff is ORDERED to either file a First Amended Complaint or inform the Court of her intention to proceed with surviving causes of action within twenty-one days of this Order.

IT IS SO ORDERED.

Dated:    **January 12, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Poe25cv01118.mtd

12